IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| HENRY NICKELL and | ) |
| LAURA NICKELL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 11-2006-STA-dkv |
| | ) |
| BANK OF AMERICA a/k/a | ) |
| BAC HOME LOANS SERVICING, LP | ) |
| f/k/a COUNTRYWIDE HOME LOANS | ) |
| SERVICING, LP; SUNTRUST BANK, | ) |
| N.A., AND COMMUNITY MORTGAGE | ) |
| CORP., | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER DENYING PLAINTIFFS' MOTION FOR SETTLEMENT CONFERENCE**
_____

Before the Court is Plaintiffs Henry Nickell and Laura Nickell's Motion for Settlement Conference (D.E. # 79) filed on September 19, 2012. Non-party Brewer & Barlow, PLC ("Brewer & Brewer") has filed a response in opposition. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**BACKGROUND**

On December 13, 2010, Plaintiffs filed suit against various lending institutions in the Chancery Court of Shelby County, alleging violations of the Truth in Lending Act as well as claims under Tennessee law. On January 4, 2011, Defendants removed the action to this Court, and the action proceeded accordingly. Plaintiffs continued to be represented by Brewer & Barlow until July

1

19, 2012, when the Court granted Brewer & Barlow's motion to withdraw as counsel (D.E. # 70). Thereafter, on August 7, 2012, Brewer & Barlow filed a Notice of Attorney's Lien (D.E. # 75) and an Amended Notice of Attorney's Lien (D.E. # 77) on August 28, 2012, asserting a lien in the amount of $18,441.25 against the relief Plaintiffs were seeking in the case at bar. On September 4, 2012, Plaintiffs filed an objection (D.E. # 78) to Brewer & Barlow's lien, stating that the parties had reached a settlement and that the July 6, 2012 offer of settlement was $22,500.

In their Motion for Settlement Conference, Plaintiffs request a settlement conference with the United States Magistrate Judge for the purpose of determining attorneys fees for former counsel. Plaintiffs argue that the Court has supplemental jurisdiction over this issue pursuant to 28 U.S.C. § 1367(a). Plaintiffs contend that the Court should measure attorneys fees based on quantum meriut in terms of the benefit conferred on Plaintiffs, not the detriment to the attorney. Under that standard, Brewer & Barlow is not entitled to a fee of $18,441.25. Plaintiffs assert that former counsel for Plaintiffs contracted out work on their case to another attorney and that Brewer & Barlow still owes the attorney fees for his contract work in Plaintiffs' case. The contract attorney now represents Plaintiffs directly. Under the circumstances, Plaintiffs believe that a settlement conference would resolve the fee dispute most expeditiously.

Brewer & Barlow has responded in opposition to Plaintiffs' Motion. Brewer & Barlow points out that Plaintiffs have failed to comply with Local Rules by not first consulting with opposing counsel about the relief sought. Next Brewer & Barlow objects to many of the factual assertions Plaintiffs make in their memorandum, arguing that Plaintiffs have failed to attach any

evidentiary support for their claims.[1]  Concerning the jurisdiction issue, Brewer & Barlow contends that the Court should decline to exercise supplemental jurisdiction.  As former counsel, Brewer & Barlow is not an actual party in this case and has not sought leave to intervene.[2]  Brewer & Barlow emphasizes that the exercise of jurisdiction is discretionary, not mandatory.  Furthermore, Brewer & Barlow asserts that the firm has already filed a separate action in Shelby County Chancery Court, docket number CH-12-1537-1, to pursue its claim for fees.[3]  According to counsel, Tennessee law and practice requires an attorney to file a separate action in order to enforce a lien for fees.  Brewer & Barlow argues then that the Court should decline to exercise its supplemental jurisdiction and should not convene a settlement conference.

## ANALYSIS

"[I]n any civil action of which the district courts have original jurisdiction, the district courts

---

[1] Brewer & Barlow filed a separate motion to strike (D.E. # 82) on October 3, 2012, presenting many of the same objections to Plaintiffs' Motion for Settlement Conference.  Federal Rule of Civil Procedure 12(h) allows motions to strike only pleadings and the parts thereof containing "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(h).  The Court notes Brewer & Barlow's objections.  For reasons explained more fully below, the Court declines to exercise jurisdiction over the attorneys fee issue.  As a result, the Court declines to reach the objections Brewer & Barlow have lodged against the fact claims made by Plaintiffs.  Therefore, the motion to strike is **DENIED**.

[2] Brewer & Barlow asserts that because the real parties in interest have reached a settlement in the case, the Court no longer has jurisdiction.  The Court finds this argument to be without merit.  It appears to the Court that at the time Plaintiffs filed their Motion for Settlement Conference, the parties had in fact reached a settlement on Plaintiffs' claims.  The parties have subsequently filed a stipulation of dismissal (D.E. # 84).  However, the Court obviously had jurisdiction over the case at the time Plaintiffs' filed the instant Motion and continues to have jurisdiction until such time as judgment is entered.

[3] Counsel has not attached a copy of the pleadings in this related matter or offered any evidence to establish that it has filed this petition.  Plaintiffs have not, however, contested this factual assertion.

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[4]  It is settled law that the district court may exercise supplemental jurisdiction over state law claims, even after the basis for removal to federal court has been eliminated, "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity."[5]  The Sixth Circuit has specifically held that a district court has supplemental jurisdiction "over fee disputes that are related to the main action" of a case or controversy.[6]  Still district courts may decline to exercise supplemental jurisdiction over a related claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[7]

Generally, if a federal claim is dismissed before trial, the state claims should be dismissed as well.[8]

For the following reasons, Plaintiffs' Motion for Settlement Conference is not well-taken. As an initial matter, the Court finds that Plaintiffs' Motion for Settlement Conference is procedurally defective.  Plaintiffs have not attached a certificate of consultation or otherwise shown that they

---

[4] 28. U.S.C. § 1367(a).

[5] *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

[6] *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997).

[7] § 1367(c).

[8] *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

attempted to resolve this matter with their former counsel before filing their Motion with the Court. Local Rule of Court 7.2(a)(1)(B) requires actual consultation between the parties and states that "[t]he burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference."[9] Failure to comply with this rule may be deemed good grounds to deny the motion.[10] Additionally, Plaintiffs have not shown that the parties have already participated in private mediation. Local Rule of Court 72.1(f) grants authority to the United States Magistrate Judge to conduct settlement conferences but "only after the parties have engaged in private mediation."[11] As a precondition for any judicial settlement conference, the Local Rules require the parties to "present a certificate from a private mediator that at least one mediation was held and the parties participated in good faith."[12] Plaintiffs have not attached such a certificate to their Motion. Based on these defects, Plaintiffs' Motion for Settlement Conference would be denied without prejudice.

Putting aside these irregularities in Plaintiffs' Motion, the Court declines to exercise supplemental jurisdiction over the fee dispute between Plaintiffs and their former attorneys. First, the only claim presented in this matter over which the Court has original jurisdiction is now settled. The parties to the case filed a stipulation of dismissal (D.E. # 84), resolving all of the claims in the controversy between Plaintiffs and their various lenders. The parties have dismissed by stipulation the single federal claim forming the basis of the Court's original jurisdiction, Plaintiffs' allegations

---

[9] L.R. 7.2(a)(1)(B).

[10] *Id.*

[11] L.R. 72.1(f).

[12] *Id.*

5

under the Truth in Lending Act, as well as all of Plaintiffs' other claims.  The only remaining issue related to this case or controversy is the fee dispute and lien filed by Plaintiffs' former counsel Brewer & Barlow.  But for this final issue, this matter would be ripe for entry of judgment.  In the absence of any remaining claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

Second, other compelling circumstances exist for declining to exercise supplemental jurisdiction.  Brewer & Barlow asserts, and Plaintiffs have not disputed, that former counsel has already filed a separate enforcement action to obtain a judgment on their lien in state court.  Counsel cites authority for the proposition that filing a separate action is the proper procedure under Tennessee law for enforcing an attorney's lien.  The Court finds that the exercise of supplemental jurisdiction over the final issue in this case would not advance the goals of judicial economy, comity, or convenience.  The Court holds that these other circumstances provide a compelling reason for declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4).  As such, the Court will not exercise supplemental jurisdiction over the fee dispute between Plaintiffs and Brewer & Barlow pursuant to 28 U.S.C. § 1367(c).  Therefore, Plaintiffs' Motion for Settlement Conference is **DENIED** with prejudice.  The Clerk of Court is directed to enter judgment in accordance with the stipulation of dismissal filed on October 15, 2012.

   **IT IS SO ORDERED.**

                                    s/ S. Thomas Anderson
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

                                    Date: November 1, 2012.